IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10973
Summary Calendar
_____

LAWRENCE J. WARFIELD, as receiver for
Dennel Finance Limited,

Plaintiff-Appellee,

versus

DAVID EDWARDS, ET AL.,

Defendants,

INTERNATIONAL EDUCATION RESEARCH
CORPORATION; PACIFIC INTERNATIONAL
LIMITED PARTNERSHIP; RESOURCE
DEVELOPMENT INTERNATIONAL, LLC;
SOUND FINANCIAL SERVICES, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:01-CV-480-R)

_____
March 26, 2002

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellants-Defendants appeal an order of the district court denying their motion to dismiss this case for lack of personal jurisdiction. Because the order is not a "final decision" within the meaning of 28 U.S.C. § 1291, we lack appellate jurisdiction and dismiss the appeal.

Appellants in this case are the targets of an SEC investigation and lawsuit for participation in a Ponzi scheme. The SEC filed suit against the appellant companies in district court in the Northern District of Texas, and the district court appointed a receiver to collect certain assets in possession of the defendants and other entities connected with the fraudulent scheme. The receivership statute at issue provides that within ten days of appointment, the receiver must file copies of the complaint and order of appointment in the district court for each district where relevant property is located.[1] A failure to so file divests the receiver of jurisdiction over that property.[2]

The receiver in the present case was appointed on March 16, 1999. Appellants argued to the district court that the receiver failed to file papers in the District Court for the District of Nevada within the ten days required by the statute, and also that the papers filed in Nevada were not filed under seal in accordance 28 U.S.C. § 1691 (requiring that

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 754.

[2] Id.

"[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof"). The district court found that the receiver had fully complied with applicable requirements, and denied Appellants' motion to dismiss. It is from this order that Appellants appeal.[3]

Under 28 U.S.C. § 1291, we have jurisdiction over appeals from all "final decisions" of the district courts of the United States. Generally, a decision is final only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[4] The order denying personal jurisdiction does not meet this test. However, Appellants argue that the denial of the motion to dismiss falls under the collateral order doctrine, an exception to this test. To fall under this limited exception, the order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."[5]

This appeal fails the third prong of the test. Appellants have failed to cite any authority or provide any cogent explanation for the proposition that an order denying a motion to dismiss for lack of personal jurisdiction is effectively unreviewable on appeal

---

[3] Appellants' opening brief included a separate issue ("Issue 1," concerning the constitutionality of certain jurisdictional statutes) not related to our appellate jurisdiction, which has since been withdrawn.

[4] Van Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).

[5] Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); Securities and Exchange Commission v. Forex Asset Management LLC, 242 F.3d 325, 330 (5th Cir. 2001).

3

from a final judgment. There is Supreme Court precedent to the contrary which this Circuit has previously applied.[6] Unlike a sovereign immunity or double jeopardy defense, the sort of jurisdictional defense raised by Appellants in this case does not implicate an absolute right not to stand trial, but rather "the right not to be subject to a binding judgment of the court."[7] This sort of right is fully vindicable by a post-judgment appeal.[8] The fact that it might be unpleasant and burdensome to litigate this case to a conclusion only to find, potentially, on appeal that the district court's jurisdiction ruling was in error does not render that ruling "effectively unreviewable," and does not differentiate an erroneous jurisdictional ruling from any other mistaken ruling that might warrant reversal or dismissal on post-judgment appeal.

APPEAL DISMISSED.

---

[6] Van Cauwenberghe, 486 U.S. at 526-27 (holding that personal jurisdiction rulings are not "effectively unreviewable" on post-judgment appeal); Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989) (holding that a ruling on a forum selection clause was adequately reviewable on post-judgment appeal); Byrd v. Corporacion Forestal y Industrial de Olancho S.A., 182 F.3d 380, 381 & n. 1 (5th Cir. 1999) (discussing as Lauro Lines as "conclusively foreclosing" application of the collateral order doctrine to the personal jurisdiction challenge at issue in Byrd); see also In re Greene County Hosp., 835 F.2d 589, 596 (5th Cir. 1988) (holding that a district court's order denying a motion to dismiss for lack of subject matter jurisdiction could be reviewed on post-judgment appeal, so the collateral order exception did not apply).

[7] Van Cauwenberghe, 486 U.S. at 527.

[8] Id. at 527; see also Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 756 (2d Cir. 1998) (distinguishing between the interlocutory appealability of sovereign immunity and personal jurisdiction issues).